IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
AUTUMN DAVIS,                      )
                                   )
           Plaintiff,              )
                                   )
     v.                            )         1:19CV661
                                   )
UNIVERSITY OF NORTH CAROLINA       )
AT GREENSBORO, et al.,             )
                                   )
           Defendants.             )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before the court is a Motion to Set Aside Entry of Default filed by Defendant Raleigh School of Nurse Anesthesia ("RSNA"). (Doc. 26.) Plaintiff Autumn Davis ("Plaintiff") responded in opposition. (Doc. 37.) RSNA replied. (Doc. 40.) For the reasons set forth herein, this court will grant RSNA's Motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2019, Plaintiff filed a complaint in this court asserting multiple claims against Defendants University of North Carolina at Greensboro ("UNCG"), the Board of Governors of the

University of North Carolina ("Board"), and RSNA. (Doc. 1.)[1] UNCG and the Board waived service. (Docs. 5, 6.)

On August 21, 2019, Plaintiff filed an Affidavit of Service by Mail averring that RSNA had been served on August 15, 2019. (Doc. 7.) The Affidavit asserts that the complaint and summons were served on RSNA's registered agent, Walter Rogers, at "3900 Barrett Drive" in Raleigh, North Carolina, "via certified mail as evidenced by the attached print out and signed returned receipt." (Id. at 1.) The signed returned receipt shows that the certified mail was signed for by "Robert Stephens." (Id. at 2.) The print out shows that the certified mail was delivered to a location in Greensboro, North Carolina. (Id. at 4.)

While Defendants UNCG and the Board filed a motion to dismiss the complaint and subsequently an answer, (Docs. 8, 15), RSNA failed to file an answer or have an attorney make an appearance on its behalf.

Thus, on May 5, 2021, Plaintiff filed a Motion for Entry of Default Final Judgment against RSNA. (Doc. 18.) The next day, the Clerk of Court issued an Entry of Default against RSNA stating that because "Defendant Raleigh School of Nurse

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Anesthesia has failed to plead or otherwise defend the action . . . [it] is subject to default as provided by Rule 55 of the Federal Rules of Civil Procedure." (Doc. 19.)

On June 10, 2021, a Notice of Appearance was filed by an attorney on RSNA's behalf, (Doc. 24), along with a Motion to Set Aside Entry of Default pursuant to Federal Rule of Civil Procedure 55(c), (Doc. 26). RSNA also filed a brief, (Doc. 27), and a Declaration of Jonathan W. Blank, MD, (Doc. 28).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), this court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In determining whether good cause exists for setting aside an entry of default, the Fourth Circuit has set forth six factors to consider: (1) "whether the moving party has a meritorious defense"; (2) "whether it acts with reasonable promptness"; (3) "the personal responsibility of the defaulting party"; (4) "the prejudice to the party"; (5) "whether there is a history of dilatory action"; and, (6) "the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006) (citations omitted).

This court also notes that an "extensive line of decisions" has held that "Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous

consequences of defaults and default judgments."[2] Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) (citations omitted). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted).

## III. **ANALYSIS**

This court concludes that good cause exists to set aside the entry of default because five of the six factors weigh in RSNA's favor. The only factor weighing in Plaintiff's favor is personal responsibility of the defaulting party, infra Part III.C, which in the aggregate is outweighed by the other five factors. Each factor is addressed in turn.

---

[2] Although [courts] have analyzed Rule 55(c) and Rule 60(b) motions using the same factors, the burden on a movant seeking relief under the two rules is not the same. . . . Rule 60(b) motions request relief from judgment, which implicates an interest in "finality and repose," a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered. Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s "excusable neglect" standard is a more onerous standard than Rule 55(c)'s "good cause" standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality.

Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 420 (4th Cir. 2010) (internal citations omitted).

## A. Whether Defendant has a Meritorious Defense

"In determining whether there is a meritorious defense for purposes of setting aside a default, 'all that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party[.]'" Carter v. City of High Point, No. 1:17CV148, 2017 WL 4043751, at *3 (M.D.N.C. Sept. 12, 2017) (quoting United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)) (internal quotation marks omitted). The defaulting party "need not prove his meritorious defense by a preponderance of the evidence[.]" J & J Sports Prods., Inc. v. Argueta, No. 1:12cv1329, 2013 WL 5960859, at *2 (M.D.N.C. Nov. 7, 2013). Rather, the "underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) (internal quotation marks omitted) (alterations in original) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983)). "Any doubts should be resolved in favor of the movant for relief." J & J Sports Prods., 2013 WL 5960859, at *2 (citation omitted).

Here, RSNA argues that it "has a meritorious defense against all claims for lack of jurisdiction, insufficient process, and insufficient service of process." (Br. in Supp. of Mot. to Set Aside Entry of Default ("RSNA's Br.") (Doc. 27) at 6.) RSNA acknowledges that service may be affected via "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, or agent." (Id. (referencing Fed. R. Civ. P. 4(e)(1), (h)(1)(A), and N.C. R. Civ. P. 4(j)(6)).) However, RSNA maintains that Plaintiff failed to execute this process because (1) "Plaintiff attempted service on the RSNA at a vacated office and did not include the correct address, which required a suite number[,]" and (2) "[t]he individual who signed the return receipt was not authorized to accept service on behalf of RSNA." (Id. (citing Decl. of Jonathan W. Blank, MD ("Blank Decl.") (Doc. 28) ¶¶ 6, 8).)

Plaintiff insists she properly served RSNA and thus argues that RSNA's proffered defense is not meritorious. (Pl.'s Opp'n to Def. RSNA's Mot. to Set Aside Default J. ("Pl.'s Opp'n Br.") (Doc. 37) at 4-5.) As evidence of proper service, Plaintiff points to an exhibit attached to Dr. Blank's Declaration. (Id.) The exhibit is an email from Dr. Blank to Plaintiff's counsel that was sent on August 29, 2019, (Ex. 3 ("Email") (Doc. 28-3)),

- 6 -

more than a week after Plaintiff's counsel had already filed an affidavit averring that service had occurred, (Aff. of Service by Mail (Doc. 7)). In the email, Dr. Blank acknowledges that he was "president of the Board of Directors of the Raleigh nurse anesthesia school," and that "[t]here was a statement of complaint sent by mail, which has been forwarded to me and for which I signed receipt o[n] Tuesday 27 August 2019." (Email (Doc. 28-3) at 2.)

In this attempt to pivot to Dr. Blank's email acknowledging that he signed receipt for the complaint, Plaintiff simply ignores the patent shortcomings in her service documents — most prominently, that although Plaintiff's counsel avers that service was received by Walter Rogers, RSNA's then-registered agent, the signed return receipt Plaintiff filed shows a "Robert Stephens" as signing for delivery. (Aff. of Service by Mail (Doc. 7).) RSNA claims, and Plaintiff has not argued otherwise, that "Mr. Stephens has no connection or affiliation with RSNA." (Blank Decl. (Doc. 28) ¶ 8.) Plaintiff's silence on this issue seems to be a practical concession that her service documents are defective.

Plaintiff's attempt to rehabilitate the legitimacy of her service on RSNA is insufficient to undermine the existence of RSNA's meritorious service of process defense because, at this

- 7 -

Case 1:19-cv-00661-WO-JLW   Document 44   Filed 01/12/22   Page 7 of 14

juncture, RSNA need not prove that its proffered meritorious defense is more likely than not. J & J Sports Prods., 2013 WL 5960859, at *2. Rather, RSNA must merely tender a colorable defense that has "some possibility" of ultimate success. Augusta, 843 F.2d at 812. RSNA has met that low bar, and thus this factor weighs in favor of setting aside the entry of default.[3]

### B. Whether Defendant Acted with Reasonable Promptness

"As to the second factor, whether a party has taken reasonably prompt action to set aside an entry of default 'must be gauged in light of the facts and circumstances of each occasion.'" Superior Performers, Inc. v. Thornton, No. 1:20-cv-00123, 2020 WL 6060978, at *3 (M.D.N.C. Oct. 14, 2020) (quoting Moradi, 673 F.2d at 727).

Here, Plaintiff does not appear to contest that RSNA acted with reasonable promptness to set aside the entry of default. Therefore, this court is inclined to accept RSNA's assertions that it acted reasonably promptly. (RSNA's Br. (Doc. 27) at 10-12.) RSNA claims that due to Plaintiff improperly serving the motion for entry of default on the wrong address, RSNA was not

---

[3] Because this court finds that RSNA has a meritorious service of process defense, it need not comment on whether RSNA's other would-be defenses — such as that on Eleventh Amendment grounds, (RSNA's Br. (Doc. 27) at 6-7), — also have merit.

notified about the matter until co-defendants' counsel sent a letter notifying RSNA of the default "as a matter of professional courtesy." (Id. at 11; Blank Decl. (Doc. 28) ¶¶ 17-18; Ex. 5 (Doc. 28-5).) This letter was received on May 23, 2021, (Blank Decl. (Doc. 28) ¶ 19), about two and a half weeks after the entry of default had been issued, (Doc. 19). The day after receiving the letter, RSNA emailed Plaintiff's counsel and expressed concern about not being notified that an entry of default was pending. (Ex. 6 (Doc. 28-6).) Plaintiff's counsel did not respond. (Blank Decl. (Doc. 28) ¶ 21.) Two days later, RSNA engaged counsel. (Id. ¶ 22.) RSNA's counsel then filed the instant Motion to Set Aside Entry of Default on June 10, 2021. (Doc. 26.) This was just over a month after the default had been entered and within three weeks of RSNA learning of it.

Given these circumstances, and that Plaintiff has not argued otherwise, this court concludes that RSNA acted reasonably promptly to set aside the entry of default. Therefore, this factor weighs in favor of setting the default aside.

C. **Personal Responsibility of the Defaulting Party**

"[I]n determining the responsibility of the party for the default, the Fourth Circuit focuses on the source of the default." Superior Performers, 2020 WL 6060978, at *3. "[W]here

- 9 -

the party's own action or inaction [as opposed to the conduct of its attorney] is the source of the default, this factor weighs against setting aside entry of default," id. (citation omitted), and that "party must adequately defend its conduct in order to show excusable neglect," Carter, 2017 WL 4043751, at *3 (internal quotation marks omitted) (quoting Augusta, 843 F.2d at 811 (discussing factor in context of relief from default judgment under Rule 60(b))).

RSNA defends its conduct, pointing to Dr. Blank's August 29, 2019 email to Plaintiff's counsel as evidence of responsible behavior. (RSNA's Br. (Doc. 27) at 9-10.) In that email, Dr. Blank explains that "the Raleigh nurse anesthesia program has been subsumed into University of North Carolina-Greensboro's School of Nursing," and asks whether in light of that, he, as RSNA's Board President, needs to do anything. (Email (Doc. 28-3) at 2-3.) Plaintiff's counsel never responded. (Blank Decl. (Doc. 28) ¶ 13.) "Having not heard from Plaintiff's counsel and lacking other direction, Dr. Blank thought RSNA need not respond to the complaint." (RSNA's Br. (Doc. 27) at 10; accord Blank Decl. (Doc. 28) ¶¶ 14-15.) RSNA argues that Dr. Blank's actions here show that "RSNA acted responsibly" because it had tried to "understand what action would be needed, if any, to address the complaint." (RSNA's Br. (Doc. 27) at 10.)

- 10 -

This court disagrees. While Dr. Blank's confusion was seemingly sincere — and perhaps understandable given the recent subsuming of RSNA into UNC-G and that he had received the complaint from UNC-G personnel, (Blank Decl. (Doc. 28) ¶¶ 4, 9), — he nevertheless acted irresponsibly by not independently confirming that there was nothing further required of RSNA. It was unreasonable to simply assume that the lack of response from opposing counsel somehow meant that no action was required. At a minimum, Dr. Blank should have done something to verify this incorrect assumption. His failure to do so means RSNA bears personal responsibility for the default, and thus this factor weighs against setting the default entry aside. But importantly, that this factor weighs in that direction "does not require denying [RSNA]'s motion to vacate the entry of default[,]" Carter, 2017 WL 4043751, at *4, especially where, as here, all other factors weigh in RSNA's favor.

D. **Prejudice to the Plaintiff**

"In the context of a motion to set aside an entry of default . . . delay in and of itself does not constitute prejudice to the opposing party." Colleton, 616 F.3d at 418 (citation omitted). "[N]o prejudice accrues from 'los[ing] a quick [default-based] victory[.]'" United States v. Manriques, Nos. 1:10CR440-1, 1:13CV444, 2013 WL 5592191, at *5 (M.D.N.C.

- 11 -

Oct. 10, 2013) (alterations in original) (quoting Augusta, 843 F.2d at 812), report and recommendation adopted, No. 1:10CR440-1 (M.D.N.C. Dec. 31, 2013). Rather, prejudice accrues when evidentiary issues arise, like that of "[a] missing witness in the case whose testimony was made unavailable by the delay, . . . any records made unavailable by the delay, . . . [or] any evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 952 (4th Cir. 1987).

Here, Plaintiff does not argue that she is prejudiced on any evidentiary grounds, instead arguing more generally that she is prejudiced by RSNA's delay. (Pl.'s Opp'n Br. (Doc. 37) at 7 (stressing the prejudice caused by RSNA letting the case "sit for nearly twenty-two months" given that "cases already take considerable time to be resolved through the court system").) For purposes of setting aside a default entry, delay alone is not cognizable prejudice, Colleton, 616 F.3d at 417, and, therefore, this factor weighs in RSNA's favor.

### E. History of Dilatory Action

"As to the fifth factor, the Fourth Circuit generally examines a party's 'history of dilatory action' apart from the delay causing the default itself." Superior Performers, 2020 WL

- 12 -

6060978, at *3 (citation omitted). Plaintiff argues that Dr. Blank's declaration and RSNA's North Carolina Secretary of State filings contain conflicting statements, which "demonstrates a history of RSNA's dilatory attention to the details of attending to its affairs and this case." (Pl.'s Opp'n Br. (Doc. 37) at 6-7.)

For three reasons, this court disagrees that these statements establish that RSNA has a history of dilatory action. First, it is far from clear that the statements Plaintiff identifies actually conflict with one another. Second, even if they do conflict, Plaintiff has failed to explain how that constitutes "dilatory action," as opposed to mere carelessness. Third, even if the statements conflict and constitute dilatory action, Plaintiff has not explained how such dilatory action is separate and "apart from the delay causing the default itself." Superior Performers, 2020 WL 6060978, at *3 (citation omitted). Therefore, this factor weighs in favor of setting aside the default entry.

### F.  Availability of Sanctions Less Drastic

RSNA argues that sanctions less drastic than entry of default are available. (RSNA's Br. (Doc. 27) at 13.) This has not been disputed by Plaintiff, (see Doc. 40 at 3), and "[a]s

such, the sixth factor weighs in favor of setting aside entry of default." Superior Performers, 2020 WL 6060978, at *3.

## IV. CONCLUSION

Finding that, on balance, the applicable factors weigh in favor of setting aside the entry of default, **IT IS HEREBY ORDERED** that the Motion to Set Aside Entry of Default, (Doc. 26), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant RSNA shall answer or otherwise respond to the Complaint, (Doc. 1), within ten (10) days of the entry of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant RSNA shall prepare to immediately join in discovery consistent with the Scheduling Order. (See Doc. 43 ¶ 4.)

This the 12th day of January, 2022.

_____
United States District Judge